Jones, J.
(dissenting). I respectfully dissent from the decision of the majority to dismiss the appeal in this case. In my opinion appellant does raise a substantial constitutional objection, thus entitling him to an appeal as of right under CPLR 5601 (subd [b], par 1) although on consideration of his appeal I would affirm the Appellate Division’s resolution of the question he asks us to review.
The question defendant raised in the courts below and now presents on this appeal is whether, within the requirements of *752 the Fourth Amendment to the Federal Constitution and section 12 of article I of our State Constitution, there was probable cause for his arrest. The test as to whether the question is sufficiently substantial to warrant an appeal as of right has been usefully formulated in reverse — whether the contention raised is so clearly nondebatable and utterly lacking in merit as to require dismissal for want of substance (Cohen and Karger, Powers of the New York Court of Appeals [rev ed], § 55, p 253). In the present instance the question raised is a close one; accordingly I have no hesitancy in concluding that an appeal lies as of right.
Due principally to improper restrictions imposed by the suppression court on the admission of evidence of probable cause offered by the People, the record is sparse, but we must take it as it is. In the light most favorable to the People, the proper perspective on this appeal, the record contains proof that the police knew that a taxicab driver named Edsel Curtis had been killed in Brooklyn on December 12, 1975. At 8:15 a.m. on December 14 Detective Ebert of the homicide division had a 30-minute conversation with Gertrude Moore, defendant’s sister,* who had voluntarily presented herself at the precinct. Detectives Grosso, Clark and Hunt were present when this conversation took place. At the hearing Detective Ebert testified that his conversation with Mrs. Moore had concerned investigation of the Curtis homicide and that he had received "information” from her. On objection of defendant’s counsel, however, the officer was not permitted to answer questions as to the substance of that information, other than to say that "what [Mrs.] Moore had told me was the fact that the homicide actually occurred” and that in response to a question as to whether defendant and his accomplice were armed, she "did speak about the weapon during that conversation”.
After that conversation Detectives Ebert, Grosso, Clark and Hunt were taken by Mrs. Moore to defendant. Ebert testified that based on the information received from Mrs. Moore "it appeared to me that there was urgency in that matter and I proceeded to act on that information along with Mrs. Moore”.
I recognize that this record is meager at best. There is no evidence as to the source of Mrs. Moore’s information or as to most of its content. Nonetheless it appears that Mrs. Moore *753 did know of the particular homicide, knew something of the weapon and after a half-hour conference led the officers to her brother. The fact that she was known to be defendant’s sister was relevant to her reliability. In these circumstances I cannot say as a matter of law that the finding of probable cause by the Family Court (which heard the witnesses and was entitled to draw reasonable inferences from their testimony) now affirmed at the Appellate Division, must be set aside.
Accordingly, I would affirm the order of the Appellate Division.
Appeal dismissed, etc.

 It appears that Mrs. Moore had died several months before the second Family Court hearing.